### GEORGE A. VINTON *vs.* JOHN KING.

A note payable by instalments is overdue when the first instalment is overdue and unpaid, and one who takes it afterwards takes it subject to all equities between the original parties.

The same defences may be made in an action on a mortgage, the statute of limitations excepted, which might be made in an action on the debt which the mortgage was given to secure.

WRIT OF ENTRY to foreclose a mortgage. The defence was that the note and mortgage were obtained by duress and fraud, and were given for an illegal consideration. For the purpose of obtaining a decision upon the questions of law arising in the case, *Allen*, C. J., directed a verdict for the plaintiff, in the superior court, upon evidence which is sufficiently stated in the opinion ; and the defendant alleged exceptions.

*E. Mellen*, for the defendant.

*G. F. Hoar*, for the plaintiff. The deed was, at most, voidable only, and not void. Perkins, 15, 16. *Somes* v. *Brewer*, 2 Pick. 184. Bul. N. P. 172. The defendant cannot be permitted to avoid it against a purchaser for value, before maturity, without notice, after having suffered the transaction to remain unquestioned for months, taking no pains to set purchasers on their guard, or to set aside the conveyance. *Somes* v. *Brewer*, *ubi supra*. *Fletcher* v. *Peck*, 6 Cranch, 87, 133. The true reason why defences between original parties are open when an overdue note is indorsed is, that in such case it is not the contract which is transferred, but a right to damages for the breach of the contract. There is, in such case, no contract between the original promisor and the assignee. The contract has already been broken; and a right to damages is all that remains. If indorsed before failure to fulfil, there is a direct promise to the assignee; and he is not in privity with his assignor and does not claim under him. *Fisher* v. *Leland*, 4 Cush. 456. *Oridge* v. *Sherborne*, 11 M. & W. 374. *Clark* v. *Pease*, 41 N. H. 414. The indorsement of a note payable by instalments, therefore, constitutes a direct promise from the maker to the indorsee, to the extent of such instalments as are not yet due, and gives to the latter a right to damages for the non-payment of such as are overdue. But even if non-payment of an instalment is treated as notice, it is only notice *pro tanto*.

Metcalf, J. The mortgage, under which the plaintiff claims possession of the premises demanded in his writ, was given to secure payment of a note, dated April 26, 1858, of the following tenor: " Two years after date, by instalments of $53 in every six months after this date, until fully paid, I promise to pay Peter Bruyett, or bearer, the sum of two hundred and twelve dollars and interest in manner above stated. John King." This note, though payable by instalments, was negotiable, (11 M. & W. 374,) and was transferred, and the mortgage assigned to the plaintiff, about three months after the first instalment was overdue and unpaid. This action was commenced on the 30th of May 1859, after the second instalment was made payable.

And if the plaintiff is entitled to any judgment, it is only to a conditional judgment for possession; to wit, unless the defendant pay to him, within the time specified by statute, such sum as shall be found due on the mortgage. Rev. Sts. *c.* 107, § 5, and Gen. Sts. *c.* 140, § 5. If the court find that nothing is due on the mortgage, the plaintiff cannot have judgment.

In an action brought by a mortgagee against his mortgagor, on a mortgage given to secure payment of a note, the defendant may show the same matters in defence (the statute of limitations excepted, 19 Pick. 535) which he might show in defence of an action on the note. If, therefore, this action were by the mortgagee, Bruyett, instead of his assignee, the plaintiff, the defendant might successfully defend, by showing that the note and mortgage were obtained from him by duress, and the plaintiff does not deny that the same defence may be made against him, if, when the note was transferred to him, it was dishonored by non-payment of the first instalment — it being admitted law, that he who takes a note after it is due takes it subject to all objections and equities to which it was liable in the hands of him from whom he takes it, and to the same defences, in a suit against the maker, which the maker might set up in an action against him by the payee; that the circumstance that a note is overdue makes it incumbent on the party receiving it to satisfy himself that it is a good one, and that if he omit so to do, he must stand in the situation of him who was holder at the time it was due. Bayley on Bills, (2d Amer. ed.) 133, 544. Chit. Bills, (12th Amer. ed.) 247, 248, (10th Amer. ed.) 216–218. 3 Kent Com. (6th ed.) 90. *Gold* v. *Eddy,* 1 Mass. 1. *American Bank* v. *Jenness,* 2 Met. 289. *Andrews* v. *Pond,* 13 Pet. 79. *Tucker* v. *Smith,* 4 Greenl. 415. But the ground assumed by the plaintiff is, that in this case the note had not, within the rule of law on this subject, come to maturity, and was not overdue and dishonored before it was transferred to him, because the time for payment of the last three instalments had not then come. This ground is not maintainable. As to the first instalment of $53 in six months, and interest on $212, the note had come to maturity and was overdue and dishonored when the plaintiff

took it; and as to the amount of that instalment, it is not to be doubted that the defendant may make the same defence against the plaintiff, which he might have made against the payee. And we are of opinion that he may make the same defence to the whole note. The note is a single contract to pay $212 in four half-yearly instalments, and the plaintiff took it with notice on its face that, as to the first instalment, the defendant might have a justifiable cause for withholding payment, whatever that cause might be; whether a cause which affected that instalment only — as a release thereof by the payee, or a legal set-off against him to the amount thereof — or a cause which, between him and the payee, vitiated the whole note, as want or failure of consideration, unlawful consideration, fraud or duress. And if the payee had sued for the recovery of the first instalment, before the second was made payable, the defendant might have defeated the action, by showing that the note was wholly void, and a judgment for him, on such ground of defence, would have been conclusive against the maintenance, by the payee, of a subsequent action to recover the other instalments. *Black River Savings Bank* v. *Edwards*, 10 Gray, 387.

The case of *Clark* v. *Pease*, 41 N. H. 414, to which we were referred by the plaintiff, would have been an authority in his favor, if he had received the note before it was dishonored, and had shown that he took it *bona fide*, and paid a valuable consideration for it. The authorities are numerous, that against such an indorsee or bearer, the fact that the note was originally obtained by duress is not a legal defence.

*Exceptions sustained.*